UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

vs.    Case Nos.:  3:17cr74/RH/MAL
               3:21cv1023/RH/MAL

SANFORD EUGENE JOHNSON, III,
      Defendant.

---

**REPORT AND RECOMMENDATION**

This matter is before the court upon Defendant Sanford Eugene Johnson III's "Motion to Vacate, Correct or Set Aside Pursuant to Title 28 U.S.C. § 2255." ECF No. 422. The case was referred to me for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

After careful consideration of the motion, the record, the relevant law, and the Government's response, I recommend the § 2255 motion be denied without an evidentiary hearing. Johnson's first claim, that his sentence should be reduced because of the First Step Act, is without merit because the provision he relies upon took effect after he was sentenced and does not apply retroactively. As for Johnson's second claim, he has failed to meet his burden of proving counsel was

constitutionally ineffective for failing to specifically move for an additional offense level adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(b).

## I.     BACKGROUND

On July 18, 2017, a federal grand jury charged Johnson with conspiracy to distribute and possess with intent to distribute 100 kilograms or more of a substance containing a detectable amount of marijuana in violation of 21 U.S.C. § 841(b)(1)(B)(vii) (Count One) and money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i) (Count Two).[1] ECF No. 3. On July 28, 2017, the Government filed a notice of its intent to seek enhanced penalties due to Johnson's single prior State of Florida felony drug conviction. ECF No. 51.

On August 29, 2017, represented by appointed counsel Ronald Johnson, Esq., Defendant Johnson entered a guilty plea as charged to both counts of the indictment. ECF Nos. 124-126.

The Second Final Presentence Investigation Report (PSR) calculated Johnson's total offense level at 36 and his criminal history category of V, yielding an applicable advisory guidelines range of 292 to 365 months' imprisonment. ECF

---

[1] Seven additional co-defendants were charged in Count One and six co-defendants were charged in Count Two.

No. 211.[2] However, this was not the final guidelines ranged used to calculate Johnson's sentence.

At sentencing, the district court reduced Johnson's role-adjustment from four levels to two and added a two-level downward adjustment for acceptance of responsibility. *See* Revised Final PSR, ECF No. 215, ¶¶ 82, 86; ECF No. 217 at 5. Johnson's total offense level was 32, which lowered the applicable advisory guidelines range to 188 to 235 months' imprisonment. ECF No. 217. The district court noted this was "primarily a money-laundering case and not a marijuana case." ECF No. 273 at 62.[3] The district court agreed Johnson's Criminal History Category of V overrepresented his criminal history and found a more reasonable Criminal History Category would be III, thus reducing Johnson's guideline imprisonment range to 151 to 188 months. ECF No. 273 at 63. After adopting this variance, the district court imposed a sentence of 151 months, without objection from the Government. *Id.;* ECF No. 217 at 3 (Statement of Reasons noting no objection).

---

[2] ECF No. 211 is identified in the record as the "Second Final Presentence Investigation Report." The record also includes a "Revised Final Presentence Investigation Report." ECF No. 215. The Revised Final PSR is the Second Final PSR as hand-annotated by the district judge during the proceedings. The Revised Final PSR does not include the myriad character letters offered on Johnson's behalf.

[3] The Government noted Johnson's base offense level for laundering $3.7 million would have been the same as it was for the drug offense. ECF No. 273 at 60-61.

Johnson was given approximately sixty days, until January 8, 2018, to self-surrender. ECF No. 273 at 69. He violated the terms of his release, was arrested on January 4, 2018, and remanded for service of his sentence after a detention hearing before the magistrate judge on January 5, 2018. ECF Nos. 256, 263. On January 10, 2018, the district court sentenced Johnson to an additional consecutive term of fourteen days' imprisonment for contempt due to his behavior at the conclusion of the January 5, 2018, hearing. *See* ECF Nos. 268, 271, 345.

Johnson appealed, claiming the district court erred by (1) holding him responsible for more than 400 kilograms of marijuana, (2) enhancing his sentence for obstruction of justice and criminal livelihood, (3) failing to give him full credit for his timely acceptance of responsibility rather than just a two-point adjustment, and (4) imposing a substantively unreasonable sentence of 151 months when his co-conspirators received lesser sentences. ECF No. 401 at 2. On November 19, 2020, the Eleventh Circuit Court of Appeals affirmed his sentence in a published decision, finding no merit in Johnson's arguments. ECF No. 401; *United States v. Johnson*, 980 F. 3d 1364 (11th Cir. 2020).

## II. DISCUSSION

Johnson raises two grounds for relief in his § 2255 motion. First, he asserts he should be resentenced because the First Step Act (FSA) changed the mandatory minimum penalty applicable to him. ECF No. 422 at 4. Second, he maintains counsel was constitutionally ineffective because he failed to specifically ask the district court to sua sponte apply the third acceptance of responsibility point. *Id.* at 5-6.

### A. New FSA Mandatory Minimum Penalty Does Not Apply

Johnson claims that after the passage of the FSA, the proper minimum mandatory sentence applicable to his case was reduced to only five years, rather than ten. This is so, he says, because the prior conviction used to enhance his sentence under 21 U.S.C. § 841 no longer counts as a "serious drug felony."

Title 21 U.S.C. § 841(b)(1)(B) provides for a mandatory minimum term of ten years of imprisonment if a person violates that section "after a prior conviction for a serious drug felony or serious violent felony has become final." 21 U.S.C. § 841(b)(1)(B). The basis for Johnson's enhanced sentence in this case was his May 16, 2007, conviction for violating his probation in Escambia County case 2006 CF 3587, in which he had been charged with possession of a controlled substance. ECF No. 211, PSR ¶ 90; ECF No. 51 (Government's Information and Notice to Establish

Prior Conviction). After his probation was revoked, Johnson was sentenced to a term of 18 months' imprisonment of which he served approximately 13 months. ECF No. 211, PSR ¶ 90.

The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, was signed into law and took effect on December 21, 2018. *See United States v. Smith*, 967 F. 3d 1196, 1211 (11th Cir. 2020). Title IV of the FSA reduces and restricts enhanced sentencing for prior drug felonies. Section 401 defines the term "serious drug *felony*" in relevant part as an offense described in 18 U.S.C. § 924(e)(2) for which "the offender served a term of imprisonment of more than twelve months." Pub. L. No. 115-391, Sec. 401(a)(1) (emphasis added). Title 18 U.S.C. § 924(e)(2)(A)(ii) in turn defines a "serious drug *offense*" as "an offense under state law involving manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance . . . , for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii) (emphasis added). Johnson asserts his prior conviction is a third-degree felony offense punishable only by up to five years' imprisonment that does not qualify as a serious drug offense. *See* Florida Statutes § 775.082(3)(e) (setting forth penalties for third degree felonies under Florida law); ECF No 51-1 at 1 (Escambia County documents reflecting the

offense was a felony of the third degree). Johnson is not entitled to relief because the FSA does not apply retroactively to Johnson's case.

The FSA was enacted on December 21, 2018, well after Johnson's November 8, 2017, sentencing. By its terms, Section 401(c) of the FSA applies only to an "offense that was committed before the date of enactment of this Act, *if a sentence for the offense has not been imposed as of such date of enactment*." *See United States v. Ruff*, 795 F. App'x 796, 797 (11th Cir. 2020) (emphasis added); *see also United States v. Aviles*, 938 F. 3d 503, 510 (3d Cir 2019). A sentence is "imposed" in the district court, regardless of later appeals, and regardless of whether a case was pending on appeal, at the time the FSA was enacted. *See United States v. Smith,* 967 F. 3d 1196, 1212-13 (11th Cir. 2020); *Aviles*, 938 F. 3d at 510; *United States v. Jordan*, 952 F. 3d 160, 172-173 (4th Cir. 2020); *United States v. Pierson*, 925 F. 3d 913, 927 (7th Cir. 2019), *vacated on other grounds sub nom Pierson v. United States*, 140 S. Ct. 1291 (2020); *United States v. Garcia*, Case 17-13992, 2019 WL 7503482, at *1 (11th Cir. 2019). Therefore, the FSA has no impact on Johnson's earlier-imposed sentence.

### B. Failure to Move for Third Acceptance of Responsibility Point

#### 1. Standard for ineffective assistance of counsel

To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) his attorney's representation fell below "an objective standard of reasonableness," and (2) a reasonable probability exists that, but for counsel's unprofessional conduct, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A defendant "bears the burden of proof on the 'performance' prong as well as the 'prejudice' prong of a *Strickland* claim, and both prongs must be proved to prevail." *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001). Counsel is not constitutionally ineffective for failing to raise a meritless claim because declining to raise such a claim cannot be deemed "deficient" and certainly no prejudice can result. *See, e.g., Hollis v. United States,* 958 F.3d 1120, 1124 (11th Cir. 2020) (counsel not constitutionally ineffective for failing to raise meritless objection to use of prior drug convictions as predicate offenses under ACCA).

#### 2. Johnson's Claim Regarding Acceptance of Responsibility

Section 3E1.1(a) of the U.S. Sentencing Guidelines provides for a two-level decrease in a defendant's offense level if the defendant "clearly demonstrates

acceptance of responsibility for his offense." U.S.S.G. § 3E.1.(a). Under § 3E1.1(b), certain defendants may be awarded an additional one-level decrease "upon motion of the Government" if the defendant has timely notified authorities of his intention to enter a plea of guilty. The Second Final PSR did not give Johnson any credit for acceptance of responsibility, ECF No. 211, PSR at ¶ 86, although the district court sustained counsel's objection and credited Johnson with a two-level acceptance adjustment at sentencing. ECF No. 215, Revised PSR ¶ 86; ECF No. 273 at 54-55. It is this third point that is at issue here.

Johnson's complaint in the instant motion is counsel should have directly requested that the sentencing court apply the additional one-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b) due to his timely guilty plea. He maintains had counsel done so, the Eleventh Circuit would not have applied the plain error standard of review but rather the abuse of discretion standard which would have led to a different outcome in his appeal.

The Government's position is Johnson has not met his burden of showing either deficient performance or prejudice under *Strickland*.

Counsel's written objections to the PSR included an objection to Johnson not receiving the full three-level reduction for acceptance of responsibility under

Page 9 of 16

§ 3G1.1. ECF No. 198 at 4. This issue was specifically addressed at sentencing, with the Court saying it would "like to get three points" and asking the Government if it was "willing to give [Johnson] at least one point for pleading guilty timely." ECF No. 273 at 54. The Government objected to Johnson receiving any acceptance of responsibility credit due to the application of the obstruction enhancement, but the Court awarded two points over its objection. *Id.* at 54-55. In light of its objection, the Government did not make a motion to further decrease his offense level. Defense counsel never suggested the Government had an improper reason for withholding the motion to permit the additional reduction or that there was a constitutional or any other basis for challenging its decision not to so move. *See id.;* ECF No. 401 at 26-27. Nor is such a motive apparent from the record.

    On appeal, Johnson argued the district court committed plain error in denying him the additional point. ECF No. 401 at 24-43. The Eleventh Circuit engaged in a lengthy analysis of relevant case law discussing when the Government could permissibly refuse to move for the third point. *Id.* at 28-41. The appellate court determined the case law was inconclusive. *Id.* at 28- 41. Pared to its essence, the questions presented were whether the Government may refuse to file the motion if the defendant has engaged in conduct inconsistent with § 3E1.1(a), such as engaging

in obstructive conduct, and whether the district court plainly erred when it failed to sua sponte award Johnson the third point. *Id.* at 42. Finding no precedent on point and further finding Application Notes 4 and 6 to U.S.S.G. § 3E1.1 arguably afforded the Government latitude to withhold the motion, the Eleventh Circuit concluded there was no plain error and affirmed. *Id.* at 43.

Johnson now complains that had counsel properly renewed and preserved the objection for the third acceptance of responsibility point, the Eleventh Circuit would have reviewed not for plain error but abuse of discretion, yielding a different result. ECF No. 422 at 6.

The Government argues that given the inconclusive nature of the law, "it was reasonable for defense counsel not to make this specific argument after having already generally argued for all three levels." ECF No. 424 at 8. The undersigned concurs that counsel's decision was not "so patently unreasonable that no competent attorney would have chosen it.'" *Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007) (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)); *Sylvin v. United States*, 679 F. App'x 975, 976 (11th Cir. 2017). The inquiry could end here, as the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden of proving either deficient performance or

prejudice. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013). However, Johnson has also not established prejudice.

The Eleventh Circuit noted in its published decision on appeal that it had previously held the reduction under § 3E1.1(b) "may be granted only on formal motion by the Government." ECF No. 401 at 29 (quoting *United States v.* Wade, 458 F. 3d 1273, 1282). A subsequent revision to U.S.S.G. § 3E1.1, Application Note 6 clarified the Government "should not withhold such a motion based on interests not identified in § 3E1.1, such as whether the defendant agrees to waive his or her right to appeal." ECF No. 401 at 31 (quoting U.S.S.G. § 3E1.1 cmt. n.6). Therefore, courts have some authority to review the Government's refusal to file a § 3E1.1(b) motion.

In this case, the Government's stated reason for opposing the acceptance of responsibility adjustment was Johnson's obstructive conduct. ECF No. 273 at 54. As the Eleventh Circuit stated on appeal, obstructive conduct "is a factor to consider in determining whether to award a defendant a two-level reduction for acceptance of responsibility under § 3E1.1(a). ECF No. 401 at 41. At the time of Johnson's appeal, there was no circuit precedent or out-of-circuit consensus on what grounds can justify the Government's refusal to make a § 3E1.1(b) motion, except that the

Government cannot base its refusal on a defendant's refusal to waive appellate rights. *Id.* The issue remains unsettled. *See United States v. Harrison*, Case 21-10453, 2022 WL 59202 (11th Cir. 2022) (citing *Johnson*); *United States v. Hadley*, Case 21-12082/12083, 2022 WL 1179892 (11th Cir. 2022) (*same*). Therefore, Johnson cannot prove that, had counsel raised this issue before the district court, it would have been successful.

The district court specifically stated it was inclined to impose the entire three-level acceptance of responsibility adjustment, but it did not do so after hearing the Government's position. The court obviously recognized it was not constrained by the advisory guidelines range, given its decision to vary downward from the calculated range. The court imposed the sentence it found to be appropriate irrespective of the originally calculated guidelines range. There is nothing in the record to indicate how, if at all, a one-level lower guidelines range would have impacted his sentence in light of the downward variance. In fact, Johnson's 151-month sentence would have fallen squarely within the 135–168-month range that would have applied if he received the full three-point adjustment for acceptance of responsibility and his total offense level was reduced to 31 (and the court applied the same two-level variance in his criminal history). Given the circumstances, Johnson

has failed to show that his defense counsel was ineffective for failing to ask the district judge to award the additional point, and he has failed to show prejudice from the failure ask.

## III. CONCLUSION

An evidentiary hearing is not necessary to resolve Johnson's claim because "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015). The FSA does not apply retroactively to his case, and Johnson cannot show counsel was constitutionally ineffective for failing to assert he should have been awarded the third acceptance of responsibility point. Johnson's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be denied.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (ECF No. 422) be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Gainesville Florida on October 6, 2023.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.