# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NOS. 3:17cr74-RH-MAL
                                                      3:21cv1023-RH-MAL

SANFORD EUGENE JOHNSON, III,

      Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION AND
## DENYING A CERTIFICATE OF APPEALABILITY

The defendant Sanford Eugene Johnson, III is serving a 151-month below-guideline sentence in the Bureau of Prisons. He has moved under 28 U.S.C. § 2255 for relief from his judgment of conviction. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 443. No objections have been filed. This order accepts the report and recommendation's conclusion that the motion should be denied.

Mr. Johnson raises two issues.

First, he notes that the First Step Act reduced the minimum mandatory sentence from 10 years to 5. But as correctly noted in the report and recommendation, that part of the Act is not retroactively applicable to defendants

who were sentenced before it took effect. And the change would not have mattered

anyway. The 151-month sentence exceeded the 10-year minimum; had the

minimum been lower, it would not have mattered.

Second, Mr. Johnson notes that he received only a two-level reduction of the

offense level for acceptance of responsibility, not a three-level reduction. The

district judge who was presiding over the sentencing made clear his belief that a

third level was warranted, but the government refused to move for it, so the judge

did not award it. *See* U.S. Sentencing Guidelines Manual § 3E1.1(b) (allowing a

third-level reduction only upon motion of the government). The United States

Court of Appeals for the Eleventh Circuit affirmed the denial of the third level on

plain-error review.

Mr. Johnson asserts his attorney rendered ineffective assistance by failing to

object. At least one court later held it unconstitutional to allocate the 3E1.1(b) fact-

finding function to the government. *See United States v. Williams*, No. 5:14-cr-10,

2019 WL 4411820 (N.D. Fla. Sept. 13, 2019); *see also* Robert Hinkle, U.S. District

Judge, Statement Before the United States Sentencing Commission (Feb. 11,

2009), available at <https://www.ussc.gov/sites/default/files/pdf/amendment-

process/public-hearings-and-meetings/20090210-11/Hinkle_statement.pdf>. But

there was not—and still is not—any controlling authority to that effect. Failing to

anticipate the possibility that this part of 3E1.1(b) might be held unconstitutional

was not deficient performance. *See, e.g.*, *Black v. United States*, 373 F.3d 1140, 1146 (11th Cir. 2004) ("[C]ounsel's performance was not deficient for failing to predict what was not yet a certain holding."); *see also Spaziano v. Singletary*, 36 F.3d 1038, 1039 (11th Cir. 1994) ("We have held many times that reasonably effective representation cannot and does not include a requirement to make arguments based on predications of how the law may develop."). The failure to object on any other ground was neither deficient nor prejudicial, as the report and recommendation correctly concludes.

In sum, Mr. Johnson is not entitled to relief on either of his assertions.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner

> or that the issues presented were "adequate to deserve
> encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to

obtain a certificate of appealability when dismissal is based on procedural grounds,

an applicant must show, "at least, that jurists of reason would find it debatable

whether the [motion] states a valid claim of the denial of a constitutional right and

that jurists of reason would find it debatable whether the district court was correct

in its procedural ruling." *Id.* at 484.

Mr. Johnson has not made the required showing. This order thus denies a

certificate of appealability.

IT IS ORDERED:

1. The defendant's motion for relief under 28 U.S.C. § 2255, ECF No. 422,

is denied.

2. The clerk must enter judgment.

3. A certificate of appealability is denied.

SO ORDERED on March 4, 2024.

s/Robert L. Hinkle_____
United States District Judge